ROBERT W. FREEMAN
Nevada Bar No. 3062
E-Mail: Robert.Freeman@lewisbrisbois.com
CHERYL A. GRAMES
Nevada Bar No. 12752
E-Mail: Cheryl.Grames@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

***

| | |
|---|---|
| QUIARA CHARLES,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and INSURER ENTITIES I-V, inclusive<br><br>        Defendants. | CASE NO. 2:20-cv-00962-GMN-EJY<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**[THIRD REQUEST]** |

Pursuant to LR 6-1 and LR 26-3, the parties, by and through their respective counsel of record, hereby stipulate and request that this Court extend discovery in the above-captioned case ninety (90) days, up to and including Wednesday, February 16, 2022. In addition, the parties request that the all other future deadlines contemplated by the Discovery Plan and Scheduling Order be extended pursuant to Local Rule. In support of this Stipulation and Request, the parties state as follows:

1. On March 20, 2020 Plaintiff filed her Complaint in the Eighth Judicial District Court.

2. On April 28, 2020, Plaintiff served the Complaint on the Nevada Department of Business and Industry, Division of Insurance.

3. On May 28, 2020, Defendant filed its Petition for Removal.

4819-6819-9152.1

4. On June 4, 2020, Defendant filed its Answer to Complaint.

5. On June 22, 2020, the parties conducted an initial FRCP 26(f) conference

6. On July 17, 2020, the Court entered the Stipulated Discovery Order.

7. On July 20, 2020, Plaintiff served his FRCP 26 Initial Disclosures on Defendant.

8. On August 17, 2020, Defendant served its FRCP 26 Initial Disclosures on Plaintiff.

9. On August 18, 2020, Defendant served written discovery on Plaintiff.

10. On September 23, 2020, Plaintiff served written discovery on Defendant.

11. On October 16, 2020, Plaintiff responded to Defendant's written discovery.

12. On October 21, 2020, Plaintiff served her First Supplemental Disclosures.

13. On November 10, 2020, Defendant responded to Plaintiff's written discovery.

14. On November 10, 2020, Defendant provided Plaintiff with a draft confidentiality agreement and protective order for review and approval in advance of Defendant's production of confidential claim handling and manuals.

15. On December 23, 2020, Plaintiff served her Second Supplemental Disclosures.

16. Throughout March 2021, Defendant served numerous records subpoenas to eleven of Plaintiff's treatment providers.

17. Defendant received responses beginning in late March but has not received all of them.

18. On May 4, 2021, Defendant received a partial response from an out-of-state provider (records but no bills) for previously unidentified treatment subsequent to the accident.

19. On June 18, 2021, Defendant served its Second Supplemental Disclosures of all medical records and bills received to date.

## DISCOVERY REMAINING

1. The parties will continue participating in written discovery, with an especial focus on obtaining the remainder of the treatment records and bills.

2. Defendant will take the deposition of Plaintiff.

3. Plaintiff will take the deposition of Defendant's Person Most Knowledgeable.

4. The parties may take the depositions of any and all other witnesses garnered through discovery.

5. The parties will designate expert witnesses.

## WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The parties aver, pursuant to LR 26-3, that good cause exists for the following requested extension. This Request for an extension of time is not sought for any improper purpose or other purpose of delay. Rather, it is sought by the parties solely for the purpose of allowing sufficient time to conduct discovery to develop their respective cases in chief.

Specifically, Defendant has encountered significant difficulty in obtaining records and bills from an out-of-state provider, the University of Pittsburgh Medical Center (UPMC). UPMC re-routed Defendant's subpoena to multiple internal departments, required execution of an additional attorney declaration from defense counsel and an additional HIPAA authorization from Plaintiff, and even after complying with these requests, UPMC failed to provide the requisite billing, which was clearly identified in the subpoena. The medical bills and full sets of records as to Plaintiff's treatment while in Pennsylvania (where she has resided since 2016) are crucial for the parties to have admissible evidence for dispositive motions and, potentially, for trial. Further, these records must be obtained in advance of the parties' designation of initial expert witnesses. The incomplete UMPC records identify nine additional treatment providers from which Defendant now seeks records and bills. The parties will require additional time to determine which, if any, shall be deposed. Accordingly, and in short, the parties request an extension of the current discovery deadlines to allow the parties an opportunity to fully understand the nature of Plaintiff's claims and Defendant's defenses thereto.

<u>Extension or Modification of The Discovery Plan and Scheduling Order</u>. LR 26-3 governs modifications or extension of the Discovery Plan and Scheduling Order. Any stipulation or motion to extend or modify that Discovery Plan and Scheduling Order must be made no later than twenty-one (21) days before the expiration of the subject deadline and must comply fully with LR 26-3.

This is the third request for extension of time in this matter. The parties respectfully

submit that the reasons set forth above constitute compelling reasons for the short extension.

The following is a list of the current discovery deadlines and the parties' proposed extended deadlines. No weekend dates are included:

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut-off | *Thursday, November 18, 2021* | *Wednesday, February 16, 2022* |
| Deadline to Amend Pleadings or Add Parties | *Tuesday, June 22, 2021* | *Closed* |
| Expert Disclosure pursuant to FRCP26 (a)(2) | *Thursday, July 22, 2021* | *Wednesday, October 20, 2021* |
| Rebuttal Expert Disclosure pursuant to FRCP. 26(a)(2) | *Friday, August 20, 2021* | *Thursday, November 19, 2021* |
| Dispositive Motions | *Monday, December 20, 2021* | *Monday, March 21, 2022* |
| Joint Pretrial Order | *Wednesday, January 19, 2022* | *Tuesday, April 20, 2022* |

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

4819-6819-9152.1

4

WHEREFORE, the parties respectfully request that this Court extend the discovery period by ninety (90) days from the current deadline of November 18, 2021 up to and including February 16, 2022, and the other dates as outlined in accordance with the table above.

DATED this 1st day of July, 2021.

LEWIS BRISBOIS BISGAARD & SMITH

/s/ CHERYL A. GRAMES
ROBERT W. FREEMAN
Nevada Bar No. 3062
CHERYL A. GRAMES
Nevada Bar No. 12752
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant*
*STATE FARM MUTUAL AUTOMOBILE*
*INSURANCE COMPANY*

DATED this 1st day of July, 2021.

GAZDA & TADAYON

/s/ LEWIS GAZDA
LEWIS GAZDA
Nevada Bar No. 4269
AFSHIN TADAYON
Nevada Bar No. 6517
2600 South Rainbow Blvd., Suite 200
Las Vegas, Nevada 89146
*Attorneys for Plaintiff*
*QUIARA CHARLES*

## ORDER

**IT IS SO ORDERED:**

Dated this 2nd day of July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

4819-6819-9152.1

5