LEWIS GAZDA, ESQ.
Nevada Bar No. 4269
AFSHIN TADAYON, ESQ.
Nevada Bar No. 6517
GAZDA & TADAYON
2600 South Rainbow Blvd., Suite 200
Las Vegas, Nevada 89146
TEL. (702) 220-7128
FAX. (702) 220-7152

Attorneys for Plaintiff
QUIARA CHARLES

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| QUIARA CHARLES, | CASE NO.: 2:20-cv-00962-GMN-EJY |
| Plaintiff, | **STIPULATION AND ORDER TO EXTEND DISCOVERY DEALDINES** |
| v. | **[FOURTH REQUEST]** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; and INSURER ENTITIES I-V, inclusive, | |
| Defendants. | |

Pursuant to LR 6-1 and LR 26-3, the parties, by and through their respective counsel of record, hereby stipulate and request that this Court extend discovery in the above-captioned case one-hundred twenty (120) days, up to and including Thursday, June 16, 2022. In addition, the parties request that all other future deadlines contemplated by the Discovery Plan and Scheduling Order be extended pursuant to Local Rule. In support of this Stipulation and Request, the parties state as follows:

///

///

///

1

1. On March 20, 2020, Plaintiff filed her Complaint in the Eighth Judicial District Court, Case No. A-20-812633-C.

2. On April 28, 2020, Plaintiff served the Complaint on the Nevada Department of Business and Industry, Division of Insurance.

3. On May 28, 2020, Defendant filed its Petition for Removal.

4. On June 4, 2020, Defendant filed its Answer to Complaint.

5. On June 22, 2020, the parties conducted an initial FRCP 26(f) conference.

6. On July 17, 2020, the Court entered the Stipulated Discovery Order.

7. On July 20, 2020, Plaintiff served FRCP 26 Initial Disclosures on Defendant.

8. On August 18, 2020, Defendant served FRCP 26 Initial Disclosures on Plaintiff.

9. On September 3, 2020, Defendant served written discovery.

10. On September 23, 2020, Plaintiff served written discovery on Defendant.

11. On October 16, 2020, Plaintiff responded to Defendant's written discovery.

12. On October 21, 2020, Plaintiff served First Supplement Disclosures.

13. On November 10, 2020, Defendant provided Plaintiff with a draft confidentiality agreement and protective order for review and approval in advance of Defendant's production of confidential claim handing and manuals.

14. On November 10, 2020, Defendant responded to Plaintiff's written discovery.

15. On December 23, 2020, Plaintiff served her Second Supplement Disclosures.

16. Throughout March 2021, Defendant served numerous records subpoenas to eleven of Plaintiff's treatment providers.

17. Defendant received responses beginning in late March but has not received all of them.

18. On May 4, 2021, Defendant received a partial response from an out-of-state provider (records but no bills) for previously unidentified treatment subsequent to the accident.

19. On June 18, 2021, Defendant served a Second Supplemental Disclosures of all medical records and bills received to date.

20. On September 10, 2021, Plaintiff served her Third Supplemental Disclosures.

## **DISCOVERY REMAINING**

1. The parties will continue participating in written discovery, with an especial focus on obtaining the remainder of treatment records and bills.

2. Defendant will take the deposition of Plaintiff.

3. Plaintiff will take the deposition of Defendant's Person Most Knowledgeable.

4. The parties may take the deposition of any and all other witnesses garnered through discovery.

5. The parties will designate expert witnesses.

6. The parties may need to complete additional discovery.

## **WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED**

The parties aver, pursuant to LR 26-3, that good cause exists for the following requested extension. This Request for an extension of time is not sought to any improper purpose or other purpose of delay. Rather, it is sought by the parties solely for the purpose of allowing sufficient time to conduct discovery to develop their respective cases in chief.

Plaintiff has encountered significant difficulty in obtaining records and bills from the following providers: Ackers Chiropractic (requested in writing on 12/18/20 and again on 9/14/21); CareNow Urgent Care (requested in writing on 9/10/2021); UPMC Pain Management in Monroeville, Pennsylvania; and Family Behavioral Resources in Monroeville, Pennsylvania

(both requested in writing on 6/23/20 and again on 9/10/21). In addition to requesting the records in writing, numerous telephone calls have been placed to the providers requesting that they provide the records. Unfortunately, said providers have not yet sent the necessary medical information.

Moreover, the parties seek additional time of current discovery deadlines to allow the parties an opportunity to fully understand the nature of Plaintiff's claims and Defendant's defense thereto. The parties would appreciate additional time to effectuate expert retention and designation once all the records are received. Furthermore, the parties and counsel would like to allow enough time to explore the potential to mediate this matter once additional discovery has been completed. As such, the parties need additional time to procure records, designate experts whom will need to review the records prior to preparing reports, schedule depositions, potentially attend mediation, and to complete additional discovery. Therefore, the parties are requesting a 120-day extension to all remaining discovery deadlines in order to fulfill the discovery.

<u>Extension or Modification of the Discovery Plan Scheduling Order</u>. LR 26-3 governs modifications or extension of the Discovery Plan and Scheduling Order. Any stipulation or motion to extend or modify that Discovery Plan and Scheduling Order must be made no later than twenty-one (21) days before the expiration of the subject deadline and must comply fully with LR-26-3

This is the fourth request for extension of time in this matter. The parties respectfully submit that the reasons set forth above constitute compelling reasons for this extension.

The following is a list of the current discovery deadlines and the parties' proposed extended deadlines. No weekend dates are included:

4

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut-Off | Wednesday, February 16, 2022 | Thursday, June 16, 2022 |
| Deadline to Amend Pleadings | Tuesday, June 22, 2021 | Closed |
| Expert Disclosures pursuant to FRCP 26 (a)(2) | Wednesday, October 20, 2021 | Thursday, February 17, 2022 |
| Expert Rebuttal Disclosure pursuant to FRCP 26(a)(2) | Thursday, November 19, 2021 | Friday, March 18, 2022 |
| Dispositive Motions | Monday, March 21, 2022 | Tuesday, July 19, 2022 |
| Joint Pretrial Order | Tuesday, April 20, 2022 | Thursday, August 18, 2022 |

WHEREFORE, the parties respectfully request that this Court extend the discovery period by one-hundred twenty days (120) days from the current deadlines of February 16, 2022, up to and including June 16, 2022, and other dates as outlined in accordance with the table above.

Dated this 17th day of September, 2021

GAZDA & TADAYON

By: /s/ Lewis J. Gazda
Lewis J. Gazda, Esq.
Nevada Bar No. 4269
Afshin Tadayon, Esq.
Nevada Bar No. 6517
2600 S. Rainbow Blvd., Ste. 200
Las Vegas, NV 89146
*Attorneys for Plaintiff*

Dated this 17th day of September, 2021

LEWIS BRISBOIS BISGAARD & SMITH

By: /s/ Cheryl A. Grames
Robert W. Freeman, Esq.
Nevada Bar No. 3062
Cheryl A. Grames, Esq.
Nevada Bar No. 12752
6385 S. Rainbow Blvd., Ste. 600
Las Vegas, NV 89118
*Attorneys for Defendant*

**ORDER**

IT IS SO ORDERED.

Dated this 17 day of September 2021.

_____
UNITED STATES MAGISTRATE JUDGE